## Supreme Court of Honor v. Amanda Buxton.

1. Suicide—*when, is defense to action upon benefit certificate.* A provision in a benefit certificate which exempts the society from liability if a member commits suicide "whether sane or insane," is valid, and binds the parties even if the insured at the time he committed suicide was of such unsound mind as to be wholly ignorant and unconscious of the physical nature of the act of self-destruction. (Seitzinger v. Modern Woodmen, 204 Ill. 58, followed.)

Action on benefit certificate. Appeal from the Circuit Court of Cass County; the Hon. Thomas N. Mehan, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed December 8, 1903.

A. A. Leeper, for appellant.

R. W. Mills, for appellee; Milton McClure and Edward Clifford, of counsel.

Mr. Justice Baume delivered the opinion of the court.

This is a suit by Amanda Buxton against the Supreme Court of Honor, a fraternal benefit society, to recover a

death benefit upon a certificate of insurance on the life of Henry Buxton, payable to plaintiff as his widow.

The defendant pleaded : 1st, the general issue; 2nd, a partial tender; and 3rd, a plea averring that the certificate of insurance contained the following provision, to-wit :

" This order will not pay the benefit of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared to be insane; and further averring that the said Henry Buxton committed suicide, and at the time he so committed the same he was not in delirium resulting from illness, nor was he under treatment for insanity, nor had he been judicially declared to be insane."

Plaintiff replied to this plea alleging that at the time Buxton took the poison which caused his death, " the said Henry Buxton was in such an unsound state of mind so that the said Henry Buxton was wholly ignorant and unconscious of the physical nature of the act of self-destruction he was then committing."

Defendant demurred to this replication, and, the demurrer being overruled, defendant excepted and elected to stand by such demurrer. The case proceeded to trial before a jury, resulting in a verdict in favor of plaintiff for $1,500, upon which verdict, after motion for new trial overruled, the court entered judgment and defendant appealed.

Appellant assigns as error, the overruling of its demurrer to the replication to the third plea and the overruling of its motion for new trial. Appellee meets this assignment of errors by the following statement in her argument : " There are but two principal questions presented by this record :

First—Was Henry Buxton at the time of the taking of the poison which caused his death, unconscious of the physical effects and consequences of the act he was committing, or was he incapable of forming an intention to take his life ?

Second—Does self-destruction under these conditions avoid the policy ? "

Conceding that the first question should be answered in

the affirmative, such answer bears no relation to the conclusion that must be arrived at, as to the second question.

Since the opinion of the Supreme Court in Seitzinger v. Modern Woodmen, 204 Ill. 58, the effect of a provision in a policy of insurance exempting the insurer from liability if the insured " commits suicide, whether sane or insane," is no longer an open question in this state.    That case determines the right of the contracting parties to limit the liability of the insurer by such a provision; that it must be given the construction which the words employed naturally and ordinarily import and is not to be qualified so as to create a liability on the part of the insurer, even if the insured at the time he committed suicide, was of such unsound mind as to be wholly ignorant and unconscious of the physical nature of such act of self-destruction.

Appellee's replication to the third plea neither traverses nor avoids the averments of that plea, and appellant's demurrer thereto should have been sustained.    The judgment will be reversed and the cause remanded.

*Reversed and remanded.*